Good morning, Your Honors. May it please the Court. My name is Megan Skelton, arguing for the Appellant Gregory Graves. The underlying reason for the continuance in this case was the congestion of the Court's calendar. Both the government and the defense were ready for trial. The delay did not serve the ends of justice, and the government's attempt to remedy that problem with its 404B filing after the continuance was entered failed to toll the clock. The 70-day speedy trial clock expired during the delay. Your Honors, I'd like to make a quick correction to something in the opening brief, then discuss the speedy trial issue. If there's time, I'd like to move on to the statement and regarding the Substantive 404B issue. I plan to rest on my briefs. This is a small point, but in footnote 14 in our opening brief, point three of that footnote describes an additional 105 days running on footnote 14. It is page 30 of the opening brief. That footnote overlooks the fact that the defendant's second motion to dismiss the indictment based on the speedy trial clock would toll, so the last week or so before trial would not count toward the speedy trial. The calculations are so far beyond 70 days that it doesn't matter, but I just wanted to be precise. Moving on to whether this continuance was an ends of justice continuance under section 3161.7. The answer is no. This continuance serves the ends of justice only if certain enumerated statutory factors are present and the delay is excludable under that section only if the court makes explicit findings on the record linked to the statutory factors that the need for delay outweighs the speedy trial, the defendant's and the public's interest in a speedy trial. Here, none of those statutory factors were present. There were no findings regarding those statutory factors. There was no mention of the factors whatsoever. That means that the remedy is dismissal. As the Supreme Court said in Zedner, the speedy trial act is strict and unequivocal. What about the motions? Moving on to that, Your Honor, the government's 404B filing was an evidentiary notice under Rule 12B.4 and not a pretrial motion. A notice under Rule 12B.4 and a pretrial motion are different because the notice does not require court action until the other side objects. Let me ask you. I teach my evidence students that a motion in limine may be used offensively to get a ruling that evidence is going to come in as well as defensively to get an advance ruling that evidence will not come in. Sometimes a party needs to know before trial if a witness is going to be admitted or allowed to testify so as to know whether to bring them to court or not. So is the government prohibited from filing a motion in limine seeking an affirmative ruling before trial that evidence will come in? There's no prohibition, but the text of Rule 12B.4, as compared to Rule 12B.3.C, is clear. 12B.4 states that after the indictment, the government may, if the defendant requests it, provide notice of what evidence is available to it. Notice only? So the government will know, so the defendant will know of the need to file a pretrial motion in limine. Exactly. And that rule But does that rule prohibit the government from going under the evidence rule to seek an affirmative ruling that evidence will come in? It does not prohibit that. There are certain, but there's certain motions in limine where it would clearly be the case, and there are other motions in limine where this notice issue is the more appropriate analysis. And I think that So just calling it a motion in limine, as far as you're concerned, one constitutes a motion that, for purposes of tolling the Speedy Trial Act, but other motions in limine do not. Correct. The title of the pleading is not what matters. It is the function of what the document is and the need for the district court to act. And this is where the D.C. Circuit What about the language in B.2 along that line, motions that may be made before a trial? It says the party may raise by a pretrial motion any request that the court can determine without a trial a general issue. Your Honor, I think the Second Circuit's decision in Valencia addresses that precise point, saying that that request does not encompass government notice of 404B evidence or notice of this type of evidence, that the request, when it is the government making the request, is more akin to discovery requests or something that is not identifying what the universe of evidence is that is available to the government. Valencia does address that point. It is true that that section talks about a more broadly phrased request, and the motions that must be made before trial in the evidentiary notice section are much more specific. I think that the specificity of those rules trumps the more general in the second subsection, particularly in light of the procedural strictness that the Supreme Court requires with respect to the Speedy Trial Act. The D.C. Circuit's line of cases in this, which goes back a handful of cases, first starting with notices about impeachment evidence and then evolving down to precisely a notice of intent to use 404B evidence, is controlling. There's no factual or legal distinctions for why this Court should not follow those. There's no particular reason to disagree with those holdings. The closest decision that this Court has does not conflict. That is this Court's unpublished decision in Curry, where the government did file a motion in Liminey. And like you mentioned, Judge Anderson, it was a request to find out affirmatively what evidence the government would need to deal with. It was a motion to preclude the defendant from raising a particular defense. That is a very different type of motion in Liminey, which does require court action so that the government did know before trial what was coming in. And so that's just a different sort of motion than we're dealing with here. The actual text of Rule 404B itself requires notice before the evidence would be admissible. If there is no objection, the evidence will come in, since it is a rule of inclusion, not exclusion. There are strong policy reasons in favor of the rule adopted by the D.C. Circuit, which is that the government should not be entitled to basically circumvent the Speedy Trial Act simply by filing this type of evidentiary notice soon after. The problem here is that it's even beyond whether this is, in fact, a motion or a notice. And I understand, even if we should conclude, we need to go there, because didn't the defendant acquiesce in the delay here? Absolutely not, Your Honor. There is no question at all that the defendant did not acquiesce. First of all, before they scheduled the trial, the court asked Graves whether any motions would be filed that would toll the Speedy Trial Act. And his counsel said, there is the 404B issue for which either I or government counsel will have to file a motion. So he  did not assure the court. Your Honor, here's the chronology. The court called a hearing on the court's own motion Did I misquote the record? No, but there's a lot that happened after that. And the last word on the continuance was the defendant, again, asserting his speedy trial rights. So I'll skip ahead to the actual hearing on the first motion to dismiss the indictment on speedy trial grounds. This is after there's been the trial? This is after the trial. Why don't we do it before the trial? Tell me what the record is then. Oh, well, the travel happened after all of this. I just asked you that, and you said that what you were talking about was after the trial. I'm sorry. I believed that you said after the trial was continued. On the 1st of November and the 4th of November, there are specific discussions between the court and counsel about continuing the trial. At those hearings, the defendant says, I have a motion to dismiss on speedy trial grounds pending, and I object to a continuance. The district judge says, well, are there any motions? It's helpful for speedy trial purposes to have a motion. The government is the first one who says there's a 404B issue. The court continues the trial. Defense counsel does state, yes, there's a 404B issue. But again, after that asserts The court then moves the trial and asks for motions to be filed. Is this the November the 8th? That's November 4th. Then on November 8th, they have a hearing on the motion, the first motion to dismiss on speedy trial grounds. The court denies the motion. The government says that there's only 25 more days left on the speedy trial clock. The government affirmatively states that it will file a motion and that that motion will toll the speedy trial clock. No, either the defendant or the government is going to file a Rule 404B motion relating to the admissibility of prior convictions. We intend to file it today, Your Honor. And the court says, and the government's motion would affect the clock. Yes, Your Honor. And then the court turns to your counterpart at trial, who, having heard all this dialogue, including a recitation of how many days were left on the clock, doesn't say anything. On the very next page, the first reference that you just… Where are we? Can you tell us where we are in the Joint Appendix? Supplemental Joint Appendix, pages 11 and 12. What Judge Agee was just referring to was on page 11 of the Supplemental Joint Appendix. On page 12 of the Supplemental Joint Appendix, the defendant again argues that his speedy trial rights are in jeopardy and that he is, again, objecting to the continuance. Your Honor, under… That doesn't have anything to do with the 404B motion. But it is a continuance of his assertion of his speedy trial rights. But where did you ever… I mean, the counsel has heard this dialogue. They know exactly what the representation has been made to the court, and they know how many days are left. So why isn't it a reasonable deduction from that, whether you want to call it sandbagging or whatnot, that defense counsel never raised an objection on the 404B issue at that time? Your Honor, the reason is basically the Supreme Court's discussion of equitable estoppel in Zedner, which asks, did the defendant ever affirmatively represent one legal position and prevail in the district court on one stage, and then takes a different position and is trying to abandon that position in another stage? This is at pages 504 and 05 of the Zedner decision. Can you turn to JA25 and 26, which, as I understand it, was a hearing that preceded the hearing that is in the supplemental appendix, the November 4th hearing. Correct. And the court says, okay, that this is where defense counsel says, and I would indicate to the court, as government counsel has, that the 404 issue, which is either I or government counsel, will have to file a motion. And the court says, well, obviously that would extend the speedy trial clock anyway. Blah, blah, blah. And defense counsel, Mr. Crompton, who is Mr. Crompton? Prosecutor. Okay. There's no objection to that. Is that acceptable? There's nothing from defense counsel saying no. Your Honor, there's two responses to that for why that does not constitute a waiver of speedy trial. First, under this court's decision in Keith, something more than passive acquiescence is required. Second, under Zedner, a mistaken position of law never constitutes a waiver of speedy trial. Well, but this isn't just acquiescence. He has said, I would indicate to the court, as government counsel has, that there's a 404B issue, which either I or the government counsel will have to file a motion in limine. And if he had filed a motion in limine, it would have told the speedy trial clock. And that is because. . . My position, basically, is that having heard all this dialogue, that it's perfectly acceptable for defense counsel to allow the court to proceed under an erroneous view with no obligation to bring that to the attention of the court. Your Honor, I believe that what. . . I cannot put myself in the head of what Mr. Graves' trial counsel was thinking, but it was clear that the trial was being moved. And the judge was asking questions about the procedures that were going to happen in the next 100 days or so. Counsel was answering direct questions. Counsel was not advocating for a position that is clearly inconsistent with asserting speedy trial rights. Instead, he was answering these questions in the context of objecting to moving the trial and in the context of having an open motion to dismiss on speedy trial grounds and continuing to object to the continuance even after that motion was denied. Here he's had two opportunities. Direct discussion on point about the 404B motion. And your position would seem like to me to have to be that counsel can hold any objection they have, let the district court proceed under an erroneous view, wait until after the time has expired, and then spring forward to say, you should have known better. That's not correct. That kind of gamesmanship, first of all, whether that is ever allowable, that is not what happened here because the overall position of the defense was trying to get the trial to happen as fast as possible. This was not advocating for a continuance. I understand all that. That's not a premise of the question that I've asked you. There were two opportunities here for defense counsel to say, oops, judge, I think you're wrong. We know how much time is left. We know you've addressed this issue once and again later on. But we don't have to say anything about it. I think that he had said so much about objecting to the moving of the trial that his position was clear. And, again, I have to go back to what the Supreme Court said in Zedner regarding waiver and judicial estoppel, that if he was unaware of this issue at that point, the dis- Unaware of it. I mean, they've told them how many days are left, and they've told them this is the basis for a continuance that's separate and apart from any of these other items that you've raised, and it's the 404B motion. Well, I think that what was happening was if he was mistaken about that position, that still doesn't function as a waiver under the estoppel language in Zedner. And if it was not, then it was at most passive acquiescence. I see my time has expired. Good morning. May it please the court. I'm Stephen Sweeney on behalf of the United States. There are two separate reasons and bases for this court to affirm the district court's denial of the defendant's motion for speedy trial violation. First, the record adequately established that the continuance served the ends of justice. And second, the government's motion in limine to admit 404B evidence- Which continuance is this? Is this the one where the judge went to Turkey? Correct. The record established- If we should affirm and say that there was an adequate basis here, that would mean all that a district judge would have to do is say the ends of justice are met. He would never have to do anything else. Because it can't be, an adequate basis can't be the convenience of the court's schedule. That can't be. I agree, Your Honor. So we're left with this bare assertion that the ends of justice are met. And I just think that that would read the rule out of existence. Your Honor, I- You have to state some reasons. I believe that the court did, and specifically- The convenience of its docket is not. I happen to know as actual fact in the District of Maryland that the judges will substitute for each other if they get into a trial bond. And that he could have had someone else try the case. Correct, Your Honor. And that suggestion or request was never raised by either of the parties at the trial that a different judge- The government could have done that, too. Correct, Your Honor. I do think that the record adequately- The court could have done it on its own. Sure. It usually happens. That's fair enough, Your Honor. Notwithstanding that, I do think the record sufficiently establishes a basis for an ends of justice continuance. Because I think there's more to what was going on here than simply that the court had travel plans out of the country. This isn't a situation where the judge, sua sponte, called the parties and said, I know we have a trial date set, but I've decided to go to Turkey instead, so we need to continue the trial. What happened was, at the time that the case was set for trial, the judge asked the parties to estimate how long the trial would take. And therefore found a spot on its calendar to fit that length of trial within the 70 days. And there's no dispute that if the trial had begun at that time, there would be no speedy trial issue. The week before the trial, at a status conference, it was the parties who informed the court that their original estimate of three days was not going to be sufficient to conduct the trial, and that more time would be taken. And the judge had made travel arrangements in reliance on the original estimate. So now the judge was in a position where he was not going to be available to conduct a trial of the length that the parties were now estimating. Now, as Judge Mats has pointed out, one potential solution would have been to have a different judge substitute for Judge Massetti. That wasn't raised and that wasn't done. But the reality is, at that point, what the parties were presented with was the possibility of beginning a trial within the 70 days and then having a lengthy adjournment in the middle of the trial while the judge traveled, which would potentially have resulted in a miscarriage of justice. Certainly, it would be difficult for a jury to maintain focus and attention, potentially to remember testimony and facts during a lengthy delay. And certainly, that would have put the defendant's right to a fair trial in jeopardy. And for that reason, the judge found that the ends of justice would be served by a continuance. But I think, obviously, as the court has recognized, the larger issue here is whether or not the government's motion in limine was a pre-trial motion that told the Speedy Trial Act. And certainly, it was. As Judge Anderson rightly pointed out, it's often the case that the government needs to know what evidence is available to it before the trial begins in order to potentially gather the evidence that's necessary to admit. If there are witnesses that need to be called from out of the jurisdiction, if there's physical evidence that needs to be obtained, the government would certainly need to know whether that evidence was coming in at trial in order to take those steps. Moreover, simply from strategic purposes, the government certainly may want to know whether or not a particular piece of evidence is admissible. And for that reason, the government can and certainly does routinely in the circuit file an affirmative motion in limine seeking a ruling from the court as to whether or not specific evidence may be admitted at trial. And that's precisely what the government did here in this case. And I would say even more than that, it was obviously essentially agreed upon by the defense that this pre-trial ruling was necessary in order to properly plan for the conduct of the trial in this case. And so that is why defense counsel, at the hearing on November 4th, indicated to the court that a motion for 404B would need to be filed in advance of trial to resolve this issue. In response to defense counsel's assertion that allowing a government motion in limine of this time to toll the speedy trial would allow the government to pervasively delay the Speedy Trial Act, I think the problem with that argument, Your Honor, is twofold. First, the Speedy Trial Act itself places no such exclusion or limitation on the ability of the government to file a pre-trial motion which would toll the act. And in the two cases that the government cited in its Rule 20HA letter that was filed yesterday, Tinklenberg and Henderson, both from the U.S. Supreme Court, the court recognized that the language and scope of the pre-trial motion exclusion is broad and that Congress specifically intended for it to be broad. And indeed, if Congress had intended to limit the exclusion, it certainly could have done so as it has with other exclusions such as the ends of justice exclusion. So certainly there's nothing in the language of the Speedy Trial Act to suggest that the government is somehow limited in its ability to file pre-trial motions that would toll the act. I take it the D.C. Circuit's precedent would be contrary to the argument you're making now. Yes, Your Honor. And with all due respect to the D.C. Circuit, the government believes that case was wrongly decided. And I think, again, Judge Anderson's point at the beginning of Appellant's argument really demonstrates and focuses why that decision is fundamentally flawed, which is there seems to be no principled reason either in the structure of the rules or in court precedent or in logic for that matter why a motion in limine to exclude evidence is a pre-trial motion but a motion in limine to admit evidence is not. Certainly Rule 12, the structure of Rule 12 doesn't support the assumption by the D.C. Circuit that the government is prohibited from moving in limine to admit evidence under 404B and that it is required, indeed the only mechanism by which it can raise this issue is to file a notice under Rule 12B4. And certainly if the Rules Committee or Congress had intended to make that process or procedure exclusive and mandatory, it could have made that explicit, but it didn't. And indeed an examination of the Advisory Committee notes to the rules demonstrate that the purpose of Rule 12B4 primarily is to streamline pre-trial practice so that the defense may have a better idea of precisely what evidence the government is seeking to admit so that it doesn't needlessly move to suppress evidence that the government isn't intending to use anyway. It certainly was not intended to be the exclusive and only way by which the government could raise requests or motions before trial. And so adopting the rule announced in Marshall would lead to situations where a motion by the defense to exclude 404B evidence is tolling the clock, but a motion by the government to include it is not, even though the procedure and the process for deciding the motion is identical. And the government believes there's no basis in the rules or indeed in the Speedy Trial Act to adopt that rule. We don't have the motion in the Joint Committee. It is not part of the record, correct, Your Honor. That strikes me as maybe that would have been helpful. That's probably correct, Your Honor. And I don't think there is any contention, and certainly there's nothing in the record that exists that indicates that it was ever described as a notice or treated as a notice. No, but I thought the argument from your colleague was that some of these kinds of motions, notices, whatever, do constitute motions, and some of them constitute notices. And so if we actually looked at the motion, maybe we'd have a good idea, if even within the public defender's version of how we should look at this, which side of the line this motion fell in. Correct, Your Honor. And if the court wishes, we can certainly supplement the record and open it up for additional briefing if it's necessary to do so. Is it on PACER? It should be. I'm not sure exactly what PACER is, but I bet it is. It is on there, and I have looked at it. I don't want to speak about a document that's not in the record before the court, but I have reviewed it. It's in the record. It's just not in the joint appendix. The whole record. That's correct. Fair enough, Your Honor. And certainly it is a fulsome motion, I believe it's six or seven pages in length, that argues why this specific evidence should be admissible as opposed to simply a one-page sentence or document with a couple sentences advising the defense that this is the evidence the government is seeking to introduce. Was there an opposition to it filed? No, Your Honor. I thought we agreed. Certainly, that I think is further indication that what we're dealing with here is a motion, because if that had simply been a notice, the failure to file any kind of objection or motion to suppress, as appellant's counsel has conceded here today . . . How did the motion come before the court for the court to actually make its determination? Did you file a subsequent notice? Did it just come up as the trial began? Or how did that just, I don't remember, how did it logistically work? The motion was filed. The document was filed, I believe, a few days after the November 8th hearing at which the court addressed the defendant's pro se motion to dismiss for speedy trial, which is in the supplemental joint appendix. But how is the motion resolved? Oh, the motion itself was litigated the day the trial began, before the jury was impaneled. It was opposed? It was opposed. It was vigorously opposed by defense counsel, who argued at length as to why that evidence should be excluded and not be admitted. So, there's certainly no indication, and I don't believe there's any . . . What's your argument? How does that help you? Because it seems to me, if it was a notice, they wouldn't have to oppose it. But if it was a motion, it would be, to me, just the reverse of what you're saying. If it is, in fact, a real motion, their failure to oppose it means they've waived their argument. But obviously, the district court didn't regard their argument as waived. Correct, Your Honor. And I'm not sure that you can tell me, but did the government assert that? That it had been waived? Yes. No. So, the government's usually pretty vigilant in protecting the government's rights. Right. So, if the government didn't argue that, then it's just that it doesn't count. The original motion doesn't count as a motion that has to be opposed to in order to preserve the objection to it. Your Honor, and my answer to that is specifically Rule 12b-4, which is the notice provision . . . Right. . . . that the appellants have suggested this motion is . . . requires that the defense file . . . and I'm quoting now from the rule . . . at the arraignment or soon afterward, as practicable, the government may notify the defendants of its intent to use specified evidence at trial and order, to afford the defendant an opportunity to object before trial under Rule 12b-3c. And Rule 12b-3c talks about a motion to suppress evidence. And Rule 12b-3 indicates that these types of motions, that is a motion to suppress evidence, must be raised before trial. So, in other words, if . . . That's quite true, but you notice that you segued back into the notice. I mean, you're treating it as a notice when you want to treat it as a notice and a motion for purposes of the Speedy Trial Act. Let me be clear, and perhaps my answer was confusing. No, no, no. I'm probably confusing. In no way, shape, or form does the government contend that its filing was a notice under Rule 12b-4. It was a motion under Rule 12b-2, which Judge Agee had mentioned, any request that the court can decide . . . Okay. . . . before trial. And so, the point I was simply trying to make is that if this had not been a motion, it had been a notice, it would have triggered a requirement on the part of the defendant to file an opposition. And I understand Your Honor's point that if it was a motion, they should have filed an opposition. But I don't believe anything under Rule 12 requires an opposition be filed. Otherwise, any objection to that is waived. In your view, then, there's no waiver if there's not an objection filed to the motion as opposed to the notice. Correct. And I guess to be absolutely clear, I would say if it were a notice as appellant suggests, by not filing any opposition, they would have waived any objection. Other Rule 12 . . . 12 is a big rule. Other Rule 12b motions, if you fail to object, you have waived or fail to oppose. Well, I mean . . . There's no . . . I mean, I don't know why this one would have a whole different jurisprudence to it. I don't think that it is different. And whether the defendant potentially waived and the government never argued waiver or not, I think that that doesn't necessarily indicate that it was . . . If I file a motion to dismiss for lack of jurisdiction and the other side doesn't oppose it, it's gone. Right. And I think what the rules contemplate certainly is that even in an instance where it hasn't been opposed or there's no opposition filed, the court can certainly grant relief from the failure to do so. And there was never any contention by the government here that the defense had waived any of the objections to the 404b evidence, regardless of what the filing was styled as. I understand that, but I . . . Okay. I understand your position. Thank you. If we just assume for our argument purposes, as time is winding down, that court doesn't reach the 404b issue, opposing counsel indicates that there's no merit to the argument that they misled or sandbagged the court in the course of their discussions on whether the 404b motion would stop the clock. What's your response to her argument? That if no . . . that if it wasn't a motion and it was just a notice, is that . . . Assume the court's not . . . we don't reach the 404b motion and we're looking whether or not to decide the case on the basis that whatever it was that the defendant consented because the defendant made no objection in the two instances that we've read up here from the bench, where there was a discussion about filing a 404b motion and the district court judge said, and that stops the clock. I thought that was part of your argument. Correct. Your Honor, and I think under that circumstance, this court's decision in Keith would control. What Keith says is, in circumstances such as this, where the defense essentially is either itself moved for a continuance or here essentially agreed with the court that the clock would be told and then later takes a contrary opinion after the clock has expired, the court can look to see whether or not an ends of justice continuance would have been permissible on the basis of the record. It did not involve a situation, did it, where the defendant basically just sat there? Correct. I mean, there was more affirmative action on the part of the defendant. That's correct, Your Honor, and I think the defendant had actually moved for the continuance in that case. So why would that control on this circumstance? Well, the court does say in Keith that the decision is not, and I'm quoting from 42F3rd at 240, that the procedure established in the decision quote should not be limited to situations when it is the defendant who requests the continuance. And so I think what the court was signaling there is there may be instances such as this one where a defendant takes a position at trial that essentially sandbags the district court or invites the district court to commit an error and . . . Well, we also said in Keith that mere acquiescence is not enough. Correct, Your Honor. I think what we've done here is . . . is not a motion that told the Speedy Trial Act what is the something more, because that's the only thing that they acceded to, right? Right. I would say the something more is essentially defense counsel's representation to the district court that that filing, whatever it is called, would toll the Speedy Trial Act, which is the point, I believe, 24 and 25 in the Joint Appendix. I don't remember that representation. There was a representation from the U.S. attorney, but defense counsel never spoke specifically to that point. That's fair, Your Honor, and I see my time is up. If I could just complete my response. What defense counsel recognized is that there was going to be a 404 issue, which either I or the government will have to file a motion and eliminate, but defense counsel never says, and that tolls the Speedy Trial Act. Right, but I believe the answer to that in context is that that is exactly what was being discussed because if the court looks at the last . . . Proceeding that, the government says, I think, with respect to the Speedy Trial Act. Well, what the court says is it's helpful to have motions pending for Speedy Trial purposes, but if your client really wants to press this motion to dismiss for Speedy Trial violation, I can hold a hearing on the day that's originally set for trial and adjudicate that. And then he says, that is the district court, I want to let you understand that. Obviously, I have time to address at least one of these motions without knocking all of them off the docket, which is essentially the judge saying there needs to be a motion on the docket pending for Speedy Trial purposes. And Mr. Sotermanis, defense counsel's direct response to that is, I would indicate to the court, as government counsel has, that there is a 404B issue, which either I or government counsel will have to file a motion. And then as Judge Matsui pointed out, the court's direct response to that is, well, that would extend the Speedy Trial Clock anyway. So I think when it's right in context, it's clear that what defense counsel is saying is, there will be a motion on the docket tolling Speedy Trial, that being whatever shape this 404B motion takes. That is a filing by the government or a filing by the defense.  Thank you for your argument. Skelton, you have a little bit of time for a follow-up? Thank you, Your Honors. I want to quote quickly from Zedner. This is at page 505, regarding whether the defendant had waived Speedy Trial argument. Second, Petitioner's mistaken agreement that Speedy Trial Act waivers are valid also does not provide grounds for estoppel. Petitioner did not succeed in persuading the district court to accept the proposition that prospective waivers of Speedy Trial Act rights are valid. On the contrary, it was the district court that requested the waiver. That is a very similar situation to what we have here, where the district court was trying to maneuver around the Speedy Trial Act. The government was making affirmative representations. The defendant was repeatedly asserting Speedy Trial rights and found itself in a position of having to answer questions within this context of constantly trying to get himself to trial. There is nothing in Rule 12b.4 that requires an opposition. Of course, any objection to evidence based on a federal rule of evidence can be made during trial. 404b evidence can be objected to in the middle of trial without any pretrial hearing whatsoever, and it is not waived. Sandbagging as a concept is not a grounds for excluding evidence from the Speedy Trial Clock. What could be would be whether the defendant waived a Speedy Trial argument, and that's why the Zedner discussion of equitable estoppel is telling. The cases that the government cited in its red brief on this issue all are situations, unlike Keith, where the defendant had sought a continuance or asked for delay or had a consistent strategy of delay. They are factually distinguishable. I know that I don't have a whole lot of time here. I want to agree that government motions can certainly toll the Speedy Trial Act if the defendant files a notice of using an expert witness and the government files a motion in limine to exclude the expert witness, that motion would toll the Speedy Trial Act. It is not only the defendant who can file motions. The government can, too. But isn't your position that the government files an affirmative motion rather than one to exclude, that it is a notice and not a motion? That's correct, Your Honor. When the government is identifying the evidence at its disposal, that does not necessitate court intervention and therefore is not a pretrial motion under... What if the defendant does file an objection to it? Then does it become a motion? Then the objection is a motion. That objection is a motion. What about the original motion? No, that is still a notice. Thank you, Your Honor. We ask for this court to reverse for a new trial. Thank you very much. We appreciate the arguments.
judges: Diana Gribbon Motz, G. Steven Agee, Joseph F. Anderson Jr.